PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: EASTERN |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|
| ANDREW DAVID WETZEL | |

| Place of Confinement: | Prisoner No.: |
|---|---|
| David Wade Correctional Center | 539179 |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Andrew DAVID WETZELL | v. James LeBlanc |

| The Attorney General of the State of | Louissana |
|---|---|

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging

22nd Judicial District Court
Parish of ST. Tammany
**TENDERED FOR FILING** STATE OF LOUISIANA

(b) Criminal docket or case number (if you know): 472552 DFU "C"

OCT 23 2013

2. (a) Date of the judgment of conviction (if you know):

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

(b) Date of sentencing: 2-4-2011

3. Length of sentence: 35 years @ H. Lo under m. Bill

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

Simple Arson Over $500 Dollars
LA. RS 14:52

6. (a) What was your plea? (Check one):
☒ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)
☐ (2)  Guilty            ☐ (4)  Insanity plea

1

*AO 241
Re   1047)                                                                      Page 3

(b)(1) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?



(2) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9    If you did appeal, answer the following:

(a) Name of court:  1st CIR

(b) Docket or case number (if you know):  ~~crossed out~~  ~~crossed out~~  Unknown

(c) Result:  DENIED

(d) Date of result (if you know):  12-21-2011

(e) Citation to the case (if you know):  Unknown

(f) Grounds raised:

All Grounds In This Application

(g) Did you seek further review by a higher state court?  ☒ Yes    ☐ No

If yes, answer the following

(1) Name of court:  LA S/C

(2) Docket or case number (if you know):  ~~crossed out~~ Unknown

(3) Result:  DENIED

(4) Date of result (if you know):  4-20-12

AO 241
(Rev. 10/07)                                                                                    Page 4

(5) Citation to the case (if you know): **Unknown**

(6) Grounds raised:

**ALL Grounds Raised
IN THIS Application**

(b) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: **22nd JDC**

(2) Docket or case number (if you know): **472552 "C"**

(3) Date of filing (if you know): **Unknown**

(4) Nature of the proceeding: **Post Convition Relief**

(5) Grounds raised:

**ALL Grounds IN THIS Application**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: **DENIED**

(8) Date of result (if you know): **Secrel July 2012**

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes      ☐   No

7. Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

⌘ See Memorandum

AO 241
(Rev. 10/07)

(c) If you did not exhaust your state remedies on Ground Three, explain why:

(d)    Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(e)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (e)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

*See Memorandum*

AO 243
(Rev. 9/00)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)   Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   Post-Conviction Proceedings.

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition.

to See memorandum

AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion or petition?                    ☐ Yes    ☐ No

(4)  Did you appeal from the denial of your motion or petition?               ☐ Yes    ☐ No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed

Docket or case number (if you know):

Date of the court's decision

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

§2A O 241
(Rev 10/07)

Page 13

13.     Please answer these additional questions about the petition you are filing

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them

        NONE

(b)     Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them

        NONE

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☒ Yes   ☐ No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

        Eastern District of LA
        U.S. District Court

        Pre-Trial writ of Habeas Corpus

        (Filed for application For Leave to File a 2nd or Successive)
        ( Habeas Corpus petition under 28 U.S.C.A §2244(b) )

U.S.C.A - 5th CIR on# 13-30261                    ~~[illegible]~~

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised

        NONE

AO 241
(Rev. 10/07)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:        Melissa Brink

(b) At arraignment and plea:        Melissa Brink

(c) At trial:        John Lindner III

(d) At sentencing:        John Lindner III

(e) On appeal:        LA Appelete project

(f) In any post-conviction proceeding:        NONE   (Self)

(g) On appeal from any ruling against you in a post-conviction proceeding:        NONE   (Self)

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☑ Yes      ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:        22nd JDX   ~~????~~/~~????~~

(b) Give the date the other sentence was imposed:        2008/2009

(c) Give the length of the other sentence:        5YR/7yRS

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ☑ Yes      ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

FAAO 241
(Rev. 11/01)

Page 15

Judgment final on 4-1-2013

Application mailed on 1/ /2013

Less Than one year!

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

*Reverse Conviction & Sentence*

or any other relief to which petitioner may be entitled.

*NONE*

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

ANDREW D. WETZEL

    VERSUS

JAMES LEBLANC

CIVIL ACTION

DKT: _____

SECTION: ____

### MEMORANDUM IN SUPPORT OF PETITION FOR A WRIT OF HABES CORPUS
### UNDER U.S.C. 2254 WITH REQUEST FOR AN EVIDENTIARY HEARING AND COUNSEL

MAY IT PLEASE THE COURT:

Now into this Honorable court comes, Andrew D. Wetzel, Pro Se Petitioner
who moves this court to vacate and dismiss the conviution and sentence in
the case at bar. As to the following reasons to wit:

### 1.
### JURISDICTION

Jurisdiction vest in this Honorable Court pursuant to the United States
Constitution Art. III Judicial Power, Section 2, Clause I subject
jurisidiction.

### 2.
### PROCEDURAL HISTORY

Petitioner was arrested on or about April 20, 2009 and was later charged
by a Bill Of Infomation with one count of Simple Arson over $500 Dollars
in viblation of La R.S. 14:52. The count was severed and the petitioner
was taken to tiral by jury on or about Sept. 15 and 16, 2010. He was
convicted and sentenced to to serve 35 years at hard labor on or about
Feb 14, 2011. Petitioner's post conviction relief and direct appeals
were all dediend by all Louisiana State Courts. Petitioner's first
Pre-Trial writ of habeas corpus was filed before the state court ruled
on the claims and as such petitioenr's first habeas corpus was dismissed
WITH prejudice for failyre to exhaust.

TENDERED FOR FILING

DEC 23 2013

### 3.
### TIMELINESS OF THE PETITION

U.S. DISTRICT COURT
Eastern District of Louisiana

The petitioner's conviction become final on April 1, 2013, the date the
Louisiana Sumprere Court ruled on all the claims withend this petition.
The petiitoner placed the petition in the prison mailbox on _____.
As such less then one year has passed, and the petition is timely.

## STATEMENT OF FACTS

On the morning of April 20, 2009 school bus driver Lillian Gonzales
wented to get her school bus which was parked at Alex's Body Shop
to start her route to pick up school kids for school. However,
when she arrived at the business the school bus was missing, it was
then that she noticed that the school bus was at the Home Depot next door
and that it was being watched by Slidell Fire And Police.The outer body
was burnt and somem of the seats had been burbed, and the uinside of the bus
was blacked by smoke. Ms Gonzales testified that she did not given any one
permission to drive the bus or set it on fire, and that the bus had an
estimated amount of damages of $3,015.16. Detective Chadwick with the
Slidell Police Dept. investgatied the crime and came up with the
petitioner as a susbpect and located him. The petitioner confessed to
setting the bus on fire as well as servel ofher crimes. Mr. Wetzel
testified that he only gave the statement because the police made him.

### CLAIMS

1) The state failed to prove the crime of simple arson
2) Trial counsel was ineffective at trial
3) Petitioner's confession was not made or given freely
4) The staete withheld brady evidence

### EXHIBITS

1) Affidaivts
2) Ems treament form
3) Jail medical intake form
4) Nicole williams staeement
5) STPSO report #2009-008009
6) mental health release form
7) involurtay placement form

### 3A.

### CLAIM ONE - INSUFFICIENCY OF EVDIENCE

The United States Supmere Court ruled in Jackson v. Virginia
433 U.S. 307 that for a defendant to be convicted of an offense ALL
essential elements of that charge MUST be proven, beyond a reasonable
doubt. The petitioner was convitced    in a jury trial of a violation
of Louisiana Resived Satute 14:52 to wit Simple Arson. To prove simple
arson the state must show that (1) that the proptery suffered damages
and (2) that the petitoner burned proptery of someone else.

For a defendant to be convicted of Simple Arson over $500 Dollars, the state must prove that the damages were over $500 dollars. The petitioner was convicted of Simple Arson over $500 dollars on or about Sept. 15, 2013. The arson happened on or about April 20, 2009 and the alleged victim said at trial that she had the bus repaired on or about April 23, 2013, however no bill was made or paid nor a estimate made. The state at trial submitted an estimate made on Sept 12, 2010, 3 days before trial that said that damages were over $500 dollars, however at this point the petitioner was allready charged and billed for simple arson over $500 dollars before the state even know the amount of damages! The Webster's II New College Dictionary, states that the word "estimate" is "to form an opinion about", however in a court of law an opinion is NOT evidence! As such the state failed to proven an essential element of the crime to wit the amount of damages.

A second element is that the state prove ownership of the proptery. However, in the case at bar the state submitted no evdivce that the alleged victim owned the proptery. Only the alleged victim testmoiny that she owned the proptery was given, the state never showed a title of the school bus or any other evdince that the alleged victim owned the school bus. Also the bus has painted on the side "St. Tammany Parish Pulic Schools" and is used to trasnport school kids to schools withend St. Tammany Parish. The bus also has a "pulic" plate which is only given to goverment owned proptery.

Under the Due Process Clause of the Fifth Amendment, the state is required to prove every element of the crime. see In Re Winship 397 U.S. 358. However in the case at bar the state failed to prove ownership of the proptery and the amount of damages to such, as such the petitioner's Fifth Amendment Right Of Due Process has been violated and this court should grant the motion/writ.

### 3B.

### CLAIM 2 – TRIAL COUNSL WAS INEFFECTIVE

Petitioner contends that his trial counsel was ineffective because he failed to (1) interview and or call at trial known abili witnesses (2) interview or call at trial known eye witness to the crime who seen somw one else commtit the crime, and (3) counsel's unprofessional conduct at trial.

Number one counsel failed to interview and or call known alibi witnesses at trial. Petitioner's told counsel on several times that he had several alibi witnesses who he was with at the time of the arson, this was done via letter and at meettings with counsel. Petitioner's alibi was that he was at his friend's house at the time of the arson. However, counsel took no steps to interview and or call these witnesses for the trial even tho the were in the court room prior to the trial, before counsel told them to leave, this resulted in the petitioner having no witnesses to support his alibi but himself. This court in Bryant v. Scott 28 f.3d 1411 (5th cir 1994) ruled that a counsel's failure to interview or call known alibi witnesses at trial is ineffective assistance of counsel and the it is constit-ionally deficient represention. A counsel's can not claim that not calling known alibi witnesses is a "strategic choice" that precluedes claims of ineffective assistance of counsel. see Nealy 764 f.2d at 1178 (5th cir 1995) This court has granted releif in several cases such as the petitioner's see Loyd v. Whtley 977 f.2d 149 (5th cir 1992), Kemp v. Leggett 635 f.2d 453 (5th cir 1983) and Gaines v. Hopper 575 f.2d 1147 (5th cir 1978).

Number two counsel failed to interview and or call a known eye witness to the crime at the trial to Nicole Williams. On the day of the arson Nicole Williams stated in a statement to the Slidell Police Department, which was in the discovery file that the state gave to counsel prior to trial, she states that she saw a female with blonde hair on the bus that was set on fire, she did not see any one matching the petitioner. (note: the petitioner is a short white male with short dark brown hair) Counsel failed to interview and call Williams and like the court ruled in Bryant and in Anderon v. Johson 338 f.3d 391 (5th cir 2003) and in Soffar v. Dretke 368 f.3d 441 (5th cir 2004) counsel can not offer any acceptable justification for the failure to call a known eye witness to the crime charged at trial, or even to take the most elementary step of attempting to contact such a witness, such a failure is enougnh to satisy the first prong of Strickland. Had counsel called the alibi witnesses and the eye witness at the trial the jury would have a lot of reasonable doubt the the petitioner would was with hsi firends could have set a fire that an eye witness saw a female commit.

Although petitioner's burden in this case is substatial he is not
required to establish his innoecnce or even demonstrate that counsel's
deficient conduct more likely than not altered the outcome of the trial.
Strickland at 693.


As such the court should grant petitioner's motion/writ.

<div align="center">3C.</div>

**CLAIM THREE - THE PETITIONER'S CONFESSION WAS NOT MADE OR GIVEN FREELY**
Petitioner averts that his confession was not made or given freely
duet to the physical beating by Slidell Police officers and the
threats the Slidell Police officers made to petitioner about his
wife and new born child.
In Brown v. Mississippi 297 U.S. 278 the United States Supmere Court
ruled that a convicted based upon a "tortured" or forced confession
can not stand and violates the 4th and 8th Amendments.
In the case at bar the petitioner was beaten by Slidell Police Capt.
Kevin Swann in the rest room at the Slidell Police Department prior
to his statements/confesson. This alleged beating is backed up by
the medical intake preformed by the St. Tammany Parish Jail and the
Slidell Police Department/arresting officers's reports. In the arresting
officer's reports the petitioner did not resist arrest nor was he injured
in any way before he was booked into the Slidell Police Department City
Jail. However, after being in only the custody of Slidell Police  officers
at the station the petitoner was trasnfered to the St. Tammany Parish
Jail where his medical intake form states that he has "obivious injuries"
that he did not have prior to his arrest or during his arrest. As such the
only reasonable conclusion to be drawn for the reports is that the
petitioner's "obivious injuries" came from police officers who beat him
to get him to make a statement and or confess to the crime.


At trial petitoner testified that the police officers made him confess,
petitioner did not speak of the beating because counsel refused to allow
him to do so, by telling him that the would arrest his wife and send
his newborn child to a foster home if he did not make a statement confessin;
to the crime. This testimony was not rebutted by the state. Irrespective of
what words may have been used or may not have been used the only reasonble
conclusion to be drawn from such is that the police would in fact do
what they said if the petitioner did not make a statement confessing to the
crime. The petitioner belived them so he confessed to the crim and made a

statement that the police told him to make. In United States v. Mejuare
462 f.2d 225 the court ruled that the police should not extract a
statement/confession by such psychological pressure and the court
can readily imagine the psychological coercion gererated bt the concern
for a love one, and how such could immpair a suspect's capacity for
self control, thus making his confession/statement involuntary.
Petitioner's confession when used at trial had a dramtic effect on the
trial due to the weight that a confession is given. As such the petitioner's
confession should  not have been used at trial and being that it was
the only evidence at the trial, the jury had no choice but to belive
since counsl failed to rebut it. The petitioner's 4th and 8th amendments
rights have been violated and this court should grant his motion/writ.

<div align="center">3D.</div>

### CLAIM 4 - THE  STATE WITHHELD EXPULPARTORY EVIDENCE
The petitioener averts that the state withheld expulpartoy evidence
at the trial and as such he was convicted. To wit a statement by
the alleges victim that is not the same as prior statemnts and a
statement by an eye witness that seen the crime happen and who saw
someone other then the petitioner commtited the crime.

Number one the alleged victim in the case at bar given a second statement
to police that did not match her prior statement. The alleged victim
told Slidell Police that she went to get her school bus at 6:13AM, that
the school bus did not have insunrnce, that the school bus had been
parked all week due to spring break, and that she went to start the school
bus on April 19th, 2009 about 6:00PM. This statement was made about
6:47AM on April 20th, 2009.
In her second statement made at 7:12AM to St. Tammany Parish Sheriff
Office deputies she stated that she went to get her school bus on April
20th, 2009 at 6:00AM, and that she had just parked the school bus at
4:00PM that day (April 19th, 2009). The deputy noted on the report
that the school bus did have insuarnce, this statement was made by
the alleged victim.
The two statements are clearly not the same as the alleged victim can't
not remember or changes her story on the facts that (1) she does or does
not have insuarnce, (2) when and how long the bus was parked, (3)
when the last time the bus was driven, and (4) what time she went
to get the school bus that day.

The statements were made at 6:47AM and 7:13AM less then 26 mintues
apart but change in every way, noting in the two statements match
but where the school bus wa parked. The alleged victim's testmoiny
at trial are a mix of both. The United States Supreme court ruled
in Brady v. Maryland 373 U.S. 310 that the suppression by the state
of evidence exculputory to the defense violates the Due Process Clause
of the 4th Amendment. This evidence includes statements by victims
and witness that do not match prior statements made by them.
Kyles v. Whitley
This is to allow the defense a chance to inpeach the alleged victim's
testiommy, which the petitioner could not due at his trial because
withheld the second statement made bt the alleged victim to the
St. Tammany Parish Sheriff Office.


Secondly the state withheld an statement by an eye witness who seen
someone else other than the petitioner commit the crime.

Ronald Carter a contacter who was at the Home Depot where the school
bus was burned to pick up supplies on the day of the arson, called
the Slidell Police Department after viewing on tv a story on the news
on how the petitioner was arrested for the arson he called them to
them how he witnessed the crime and saw a female set the bus on fire
and run from it after, he did not see petitioner, Slidell Police
officers told him that someone had confessed to the crime and the case
was closed. Mr. Carter waited a few months and called the 22nd District
Attonery and sopke with the ADA who was in charge of the petitioner's
trial, he then told the ADA what he told Slidell Police officers the ADA
told him that he would be contacted if needed for trial. However, Mr Carter
was never contacted by the ADA and the petitioner nor his counsel knew
of his statements intill after the trial. It should be noted that
Mr. Carter is not the only eye witness to the arson, but he is the only
one that the Slidell Police Department and the ADA hide from the
petitioner. Due to counsel the only other eye witness Ms. Williams was
 not called at trial eiter. (see claim #2). Due to the state hidding
Mr. Carter the jury never heard from an eye witness that someone other
than the petitioner comttied the crime. In United States v. Agurs
427 U.S. at 97 the United States Supreme Court ruled that if only one
eyewitness told the police or the prosecuter that someone other than
the petititoner, failure to disclose such infomation, this would
required reversal of conviction, this is the only remedy.

As such the petitioner has met and suppassed the requriement of showing in this court should grant the writ.

**WHEREFORE,** the court should grann the writ and allow him to go free.

s/_____
Andrew D. Wetzel

CLERK OF COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 POYDRAS STREET
NEW ORLEANS, LA 70130

CLERKS,
PLEASE FILE THE ENCLOSED PETITION IN THE RECORD THANK YOU.


S/
ANDREW D. WETZEL
539179/DWCC/N5
670 BELL HILL ROAD
HOMER, LA 71040


TENDERED FOR FILING

DEC 23 2013

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

ANDREW D. WETZEL
539179/DWCC/N5
670 BELL HILL ROAD
HOMER, LA 71040

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 POYDRAS STREET
NEW ORLEANS, LA 70130

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

December 27, 2013

MEMORANDUM

**ANDREW D. WETZEL, #539179**
**N5**
**DAVID WADE CORRECTIONAL CENTER**
**670 BELL HILL ROAD**
**HOMER, LA  71040**

**SUBJECT: 2254 PETITION - DEFICIENT NOTICE**

The document entitled Writ of Habeas Corpus  which you filed appears to be deficient as
noted below:

**_X 1.** A writ of habeas corpus submitted by a person in state custody or a request for pauper
status should be submitted on an approved form. The 2254 submitted is not an original
and the form is not legible. A 2254 form has been enclosed for your convenience.

**_X 2.** The cost of filing a writ of habeas corpus is $5.00.  If you cannot afford the filing fee,
you must ask the Court to allow you to proceed as a pauper.  A form for this purpose
is enclosed.

__ 3. The cost of filing an appeal is $505.00.  If you apply for pauper status when bringing an
appeal, you must submit an affidavit that includes a statement of all assets you possess and
that you are unable to pay the fee. This form has been enclosed for your convenience.

**_X 4.** If you apply for pauper status you must submit a certified copy of your trust fund
account statement or the institutional equivalent for the 6-month period immediately
preceding the filing of the complaint, habeas corpus or notice of appeal obtained from
the appropriate official of each prison at which you are or were confined.

> **_X     ONLY  A  PRISON  OFFICIAL FROM THE INMATE**
> **BANKING   UNIT   AT   YOUR   INSTITUTION   MAY**
> **COMPLETE   THE   ENCLOSED   STATEMENT   OF**
> **ACCOUNT.**

__ 5. For your information, even if you are allowed to bring a civil action or file a notice of appeal
from a civil judgment in forma pauperis, you are still required to pay the full amount of the
filing fee.  **DO NOT SEND MONEY AT THIS TIME.** The court will assess and, when
funds exist, collect, as partial payment of any court fees, an initial partial filing fee of 20
percent of the greater of 1) the average monthly deposits to your account or 2) the average
monthly balance in your account for the 6-month period immediately preceding the filing of
the complaint. After payment of the initial filing fee, you are required to make monthly
payments of 20 percent of the preceding month's income credited to your account.  The
agency having custody of you shall forward payments from your account to the clerk of the

court each time the amount in the account exceeds $10 until the filing fees are paid.

___ 6.  Your document is not properly captioned for the United States District Court, Eastern District of Louisiana.

___ 7.  The names of all parties must be listed on the front of your complaint as well as in Part III of your complaint. DO NOT USE "ET AL." The names of all parties must be listed in both places exactly the same.

___ 8.  A complaint, affidavit or other pleading submitted to the Clerk for filing must bear an original signature. A copy is not sufficient.

___ 9.  The complaint and any other pleading must be signed by the petitioner personally, unless petitioner is represented by a member of the bar of this Court. If the petitioner is represented, pleadings must be signed and submitted by counsel.

___ 10. Every paper you file, after the complaint, must have the name of this Court, the title, docket number, section, and magistrate judge number.

___ 11. OTHER: The MEMORANDUM submitted is not signed. Please sign the enclosed and return along with original 2254 form, filing fee/or certified in forma pauperis application.

        **Please act immediately. Unless the deficiency is corrected on or before January 11, 2014, this document may be stricken from the record. A copy of the first page of your 2254 petition is enclosed for your reference.**

                                        CLERK OF COURT

                                        By: _____
                                                Deputy Clerk

**Respond to:**

**Clerk, U.S. District Court**
**500 Poydras Street**
**Room C-151**
**New Orleans, LA 70130**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

January 16, 2014

MEMORANDUM

**ANDREW D. WETZEL, #539179**
**N5**
**DAVID WADE CORRECTIONAL CENTER**
**670 BELL HILL ROAD**
**HOMER, LA 71040**

**SUBJECT: 2254 PETITION - SECOND DEFICIENT NOTICE**

**The document entitled Writ of Habeas Corpus which you filed appears to be deficient as noted below:**

_X_ 1. **A writ of habeas corpus submitted by a person in state custody or a request for pauper status should be submitted on an approved form. The 2254 submitted is not an original and the form is not legible. A 2254 form was forwarded to you December 27, 2013. This court has not received a response for the notice of December 27, 2013. Enclosed for your convenience is a 2254 form.**

_X_ 2. **The cost of filing a writ of habeas corpus is $5.00. If you cannot afford the filing fee, you must ask the Court to allow you to proceed as a pauper. A form for this purpose is enclosed.**

__ 3. The cost of filing an appeal is $505.00. If you apply for pauper status when bringing an appeal, you must submit an affidavit that includes a statement of all assets you possess and that you are unable to pay the fee. This form has been enclosed for your convenience.

_X_ 4. **If you apply for pauper status you must submit a certified copy of your trust fund account statement or the institutional equivalent for the 6-month period immediately preceding the filing of the complaint, habeas corpus or notice of appeal obtained from the appropriate official of each prison at which you are or were confined.**

_X_ **ONLY A PRISON OFFICIAL FROM THE INMATE BANKING UNIT AT YOUR INSTITUTION MAY COMPLETE THE ENCLOSED STATEMENT OF ACCOUNT.**

__ 5. For your information, even if you are allowed to bring a civil action or file a notice of appeal from a civil judgment in forma pauperis, you are still required to pay the full amount of the filing fee. **DO NOT SEND MONEY AT THIS TIME.** The court will assess and, when funds exist, collect, as partial payment of any court fees, an initial partial filing fee of 20 percent of the greater of 1) the average monthly deposits to your account or 2) the average monthly balance in your account for the 6-month period immediately preceding the filing of the complaint. After payment of the initial filing fee, you are required to make monthly payments of 20 percent of the preceding month's income credited to your account. The agency having custody of you shall forward payments from your account to the clerk of the

court each time the amount in the account exceeds $10 until the filing fees are paid.

___ 6. Your document is not properly captioned for the United States District Court, Eastern District of Louisiana.

___ 7. The names of all parties must be listed on the front of your complaint as well as in Part III of your complaint. DO NOT USE "ET AL." The names of all parties must be listed in both places exactly the same.

___ 8. A complaint, affidavit or other pleading submitted to the Clerk for filing must bear an original signature. A copy is not sufficient.

___ 9. The complaint and any other pleading must be signed by the petitioner personally, unless petitioner is represented by a member of the bar of this Court. If the petitioner is represented, pleadings must be signed and submitted by counsel.

___ 10. Every paper you file, after the complaint, must have the name of this Court, the title, docket number, section, and magistrate judge number.

___ 11. OTHER: The MEMORANDUM submitted is not signed. Please sign the enclosed and return along with original 2254 form, filing fee/or certified in forma pauperis application.

**Please act immediately. Unless the deficiency is corrected on or before January 31, 2014, this document may be stricken from the record.**

CLERK OF COURT

By: _____

Deputy Clerk

**Respond to:**

**Clerk, U.S. District Court**
**500 Poydras Street**
**Room C-151**
**New Orleans, LA 70130**