UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW DAVID WETZEL          CIVIL ACTION

VERSUS          NO. 14-1244

JAMES LEBLANC          SECTION "N"(1)

## REPORT AND RECOMMENDATION

On or about December 23, 2013, petitioner, Andrew David Wetzel, filed the instant application seeking federal *habeas corpus* relief.[1] On December 27, 2013, the Clerk of Court notified him that he must either pay the required filing fee or submit an application to proceed *in forma pauperis*, giving him a deadline of January 11, 2014 for compliance.[2] When there was no response, the Clerk of Court sent him a second such notice on January 16, 2014, and extended his deadline for compliance until January 31, 2014.[3] When there was no response to that second notice, the Clerk of Court sent him a third such notice on or about May 30, 2014, and extended his deadline for compliance until June 20, 2014.[4] Again, there was no response.

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 1, pp. 22-23.

[3] Rec. Doc. 1, pp. 24-25.

[4] Rec. Doc. 2.

On June 25, 2014, the undersigned then issued an order directing that, on or before July 16, 2014, petitioner either pay the required filing fee or submit an application to proceed *in forma pauperis*. He was warned that if he failed to comply with that order, the undersigned would recommend that this matter be dismissed.[5] He did not comply.

Despite being giving repeated opportunities to do so, petitioner has not paid the filing fee or submitted an application to proceed *in forma pauperis*. As a result, his petition was not properly filed. See Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, it should be dismissed on that basis. See, e.g., Searls v. Cain, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for *habeas corpus* relief filed by Andrew David Wetzel be **DISMISSED WITHOUT PREJUDICE** because he has neither paid the required filing fee nor requested and been granted permission to proceed *in forma pauperis*.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[5] Rec. Doc. 3.

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

    New Orleans, Louisiana, this eighteenth day of July, 2014.

                           **SALLY SHUSHAN**
                           **UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.